UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SUPER 8 MOTELS, INC., a South Dakota Corporation, | : |
| Plaintiff, | : Case No. 05-5114-CV-SW-DW |
| v. | : |
| MOTEL 8/BOONESLICK LODGE, LLC, a Missouri Corporation. | : **VERIFIED COMPLAINT** |
| Defendant. | : |

Plaintiff Super 8 Motels, Inc., by its attorneys, Armstrong Teasdale LLP, complaining of defendant Motel 8/Booneslick Lodge, LLC, states as follows:

**PARTIES AND SUBJECT MATTER JURISDICTION**

1. Plaintiff Super 8 Motels, Inc. ("SMI") is a corporation organized and existing under the laws of the State of South Dakota with its principal place of business in Parsippany, New Jersey.

2. Defendant Motel 8/Booneslick Lodge, LLC ("Booneslick"), on information and belief, is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at 1608 Industrial Drive, Neosho, Missouri.

3. The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 & 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

**ALLEGATIONS COMMON TO ALL COUNTS**

The Super 8 Marks

5. SMI is one of the largest guest lodging facility franchise systems in the United States, and is widely known as a provider of guest lodging facility services.

6. SMI has the exclusive right to sublicense the use of various trade names and service marks (which are on the principal register of the United States Patent and Trademark Office), logos, and derivations thereof (the "Super 8 Marks"), as well as the distinctive Super 8® System, which provides hotel services to the public under the Super 8 name and certain services to its licensees, including a centralized reservation system, advertising, publicity, and training services.

7. SMI or its predecessors have continuously used each of the Super 8 Marks since the date of their registration and these marks are in full force and effect pursuant to 15 U.S.C. § 1065.

8. SMI has given notice to the public of the registration of the Super 8 Marks as provided in 15 U.S.C. § 1111.

9. SMI uses or has used the Super 8 Marks as abbreviations of its brand name.

10. Through its franchise system, SMI markets, promotes, and provides services to its guest lodging franchisees throughout the United States. In order to identify the origin of their guest lodging services, SMI allows its franchisees to utilize the Super 8 Marks and to promote the Super 8 brand name.

11. SMI has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade names and service marks to cause consumers throughout the United States to recognize the Super 8 Marks as distinctly designating SMI guest lodging services as originating with SMI.

12. The value of the goodwill developed in the Super 8 Marks does not admit of precise monetary calculation, but because SMI is one of the largest guest lodging facility franchise systems in the United States and is widely known as a provider of guest lodging facility services, the value of SMI's goodwill exceeds hundreds of millions of dollars.

13. The Super 8 Marks are indisputably among the most famous in the United States.

## The Defendant's Trademark Infringement

14. Booneslick is operating a guest lodging facility at 1602 Industrial Drive, Neosho, Missouri 64850 (the "Facility") utilizing a Motel 8 logo that is substantially the same in size, shape and color to the Super 8 Marks.

15. As of August 23, 2005, Booneslick continues to answer the phone at the Facility identifying the Facility as a Motel 8.

16. By letter dated September 2, 2004, a true copy of which is attached as Exhibit A, SMI notified counsel for Booneslick of the Facility's infringement upon the Super 8 Marks and the need for the Booneslick to immediately discontinue the use of all signs, billboards, printed or promotional material and other forms of advertising using the Motel 8 logo which is substantially the same as the Super 8 Marks.

17. By letter dated September 9, 2004, a true copy of which is attached as Exhibit B, SMI reiterated the need for immediate removal of all materials utilizing the infringing logo.

18.  By letter dated February 18, 2005, a true copy of which is attached as Exhibit C, SMI again requested that the Facility remove all Motel 8 logos which are substantially the same as the Super 8 Marks within ten (10) days from the date of the letter.

19.  Booneslick has not been authorized by SMI to use the Super 8 Marks, or their likeness, either in or around the Facility.

20.  Booneslick is prohibited from using Super 8 Marks, or their likeness, to induce the traveling public to use the Facility in any way.

21.  Since Booneslick has been notified of the obvious infringement, Booneslick has continued to use marks substantially the same as the Super 8 Marks to induce the traveling public to rent guest rooms at the Facility.

22.  Since Booneslick has been notified of the infringement, Booneslick has used the Super 8 Marks without authorization to rent rooms through, among other things, failure to remove Motel 8 signage using logos substantially the same as the Super 8 Marks, continuing to utilize the distinctive Super 8 color scheme and continuing to identify the Facility as a Motel 8 guest lodging facility in response to telephone inquiries as to the name of the Facility.

23. Booneslick has continued to misuse the marks substantially the same as the Super 8 Marks despite receiving notification from SMI to cease and desist from the misuse of the infringing marks.

## FIRST COUNT
## Federal Trademark Infringement Under the Lanham Act

24. SMI repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 23 of the Verified Complaint.

25. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

26. Booneslick marketed, promoted, and rented, and continues to market, promote, and rent rooms at the Facility through the unauthorized use of marks substantially the same as those of the Super 8 Marks, and such use caused and is likely to continue to cause confusion or mistake among prospective or actual customers, in violation of Section 32 of the Lanham Act.

- 6 -

Case 3:05-cv-05114-DW   Document 1   Filed 08/24/05   Page 6 of 14

27. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods **[or]** services . . . shall be liable in a civil action . . . ."

28. The acts of Booneslick in marketing, promoting, and renting rooms at the Facility, through and with marks substantially the same as the Super 8 Marks, constitute:

    (a)  a false designation of origin;

    (b)  a false and misleading description of fact; and

    (c)  a false and misleading representation of fact;

that caused and are likely to continue to cause confusion, or to cause mistake, or deception, as to the affiliation of Booneslick's Facility with SMI, and to cause confusion, or to cause mistake, or deception, to the effect that SMI sponsors or approves of the

guest lodging services that Booneslick provides at the Facility, all in violation of Section 43(a) of the Lanham Act.

29. Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), provides in pertinent part that "[t]he owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection."

30. Booneslick's use of marks substantially the same as the Super 8 Marks in connection with goods and services at the Facility, after the Super 8 Marks became famous, caused and will continue to cause dilution and disparagement of the distinctive quality of the Super 8 Marks, and lessened and will continue to lessen the capacity of the Super 8 Marks to identify and distinguish the goods and services of SMI, all in violation of Section 43(c) of the Lanham Act.

31. Booneslick's on-going acts of infringement in violation of Sections 32, 43(a), and 43(c) of the Lanham Act are malicious, fraudulent, willful, and deliberate.

32. Booneslick's on-going acts of infringement in violation of Sections 32, 43(a), and 43(c) of the Lanham Act have inflicted and continue to inflict irreparable harm on SMI.

33. SMI has no adequate remedy at law.

34. No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

**WHEREFORE**, pursuant to 15 U.S.C. §§ 1114, and 1125(a) & (c), SMI demands judgment against Booneslick:

(a) Preliminarily and permanently restraining and enjoining Booneslick, its affiliates, subsidiaries, officers, agents, servants, employees and attorneys, and all those who act in concert or participation with them, from marketing, promoting, or selling guest lodging services at the Facility through and with marks substantially the same as the Super 8 Marks; and

(b) Granting compensatory damages, treble damages, attorneys' fees, prejudgment interest, costs of suit, and such other and further relief as this Court shall deem just and proper.

## SECOND COUNT
### Federal Unfair Competition

35. SMI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 34 of the Verified Complaint.

36. Booneslick has engaged in acts and practices, as described, which amount to infringement of the Super 8 Marks in an unlawful, unfair, and fraudulent manner which is likely to confuse the public.

37. As a result, Booneslick owes restitution and the disgorgement of profits, in an amount unknown to SMI, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Booneslick.

**WHEREFORE,** SMI demands judgment ordering that Booneslick account to SMI for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility while utilizing marks substantially the same as the Super 8 Marks together with interest, attorneys' fees and costs of suit.

### THIRD COUNT
### Trademark Infringement and Unfair Competition
### Under Missouri State Common Law

38. SMI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 37 of the Verified Complaint.

39. The SMI Marks are inherently distinctive and/or have acquired distinctiveness and/or strong secondary meaning. SMI has used its name and the Super 8 Marks to identify guest lodging facilities and services for many years. Such marks have become extensively known and associated in the minds of the public in the State of Missouri and the guest lodging industry in the State of Missouri, exclusively with SMI's business and services.

40. SMI owns valid common law trademark rights in and to its name and the SMI Marks in the State of Missouri.

41. Defendants' use of marks substantially the same as the Super 8 Marks without the consent of SMI constitutes a reproduction, counterfeit, copy and/or colorable imitation of the Super 8 Marks in connection with the sale, offering or advertising of goods and services that is likely to cause confusion or deception as to source or origin of such goods or services in violation of the common law of the State of Missouri.

42. By these actions, Booneslick has irreparably injured the trade recognition and goodwill associated with the Super 8 Marks. Such injury, for which there is no adequate remedy at law, will continue unless enjoined by this Court.

43. As a proximate result of the willful acts of Booneslick herein, SMI has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while defendants have profited at SMI's expense.

44. SMI has no adequate remedy at law against defendants' acts constituting unfair competition. Unless defendants are enjoined by the Court, MasterCard will continue to suffer irreparable harm.

**WHEREFORE**, pursuant to Missouri State Common Law, SMI demands judgment against Booneslick:

(a) Preliminarily and permanently restraining and enjoining Booneslick, its affiliates, subsidiaries, officers, agents, servants, employees and attorneys, and all those who act in concert or participation with them, from marketing, promoting, or selling guest lodging services at the Facility through and with marks substantially the same as the Super 8 Marks; and

(b) Granting compensatory, exemplary and punitive damages and attorneys' fees under Missouri Law for Booneslick's willful and intentional acts.

Respectfully submitted,

Armstrong Teasdale LLP

By: /s/ Teresa L. Cauwels
Edward R. Spalty
Teresa L. Cauwels
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108-2617
Telephone: (816) 221-3420
Facsimile: (816) 221-0786

## VERIFICATION

STATE OF NEW JERSEY  )
                     ) ss:
COUNTY OF MORRIS     )

    C. Kathy Cox, of full age, being duly sworn according to law, upon her oath, deposes and says:

    1.    I am Senior Director of Franchise Administration, of Super 8 Motels, Inc., which is plaintiff in this action.

    2.    I have read the foregoing Complaint and all the allegations contained therein. Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Complaint are true based on my personal knowledge, the records of SMI or information available through employees of SMI.

                                              _____
                                                     Kathy Cox

Sworn and subscribed to before
me this 17th day of August, 2005

_____
NOTARY PUBLIC
LINDSAY A MULLER
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES 6/2/2006